UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV422-027 |
| HINESVILLE POLICE DEPARTMENT, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony Geno Martinson filed this 42 U.S.C. § 1983 case alleging that he was arrested pursuant to a warrant, but was not immediately provided with a copy of the warrant. *See* doc. 1 at 5. The Court granted him leave to pursue this case *in forma pauperis*. Doc. 3. After the Clerk received notice of Martinson's change of address, doc. 4, the Court resent its prior Order to Martinson's new address and afforded him additional time to return the necessary forms. *See* doc. 6. He has not complied with Court's direction to return the forms. *See* doc. 6 at 2-3 (requiring return of the forms "no later than 14 days from the date of entry of this Order," *i.e.* no later than April 25, 2022). As noted in the

prior Order, "[f]ailure to comply with this Order . . . shall result in the recommendation of dismissal of plaintiff's case, without prejudice." Doc. 3 at 5. That was no idle threat.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Plaintiff's case should thus be **DISMISSED** without prejudice for failing to comply with the Court's Order.[1]

Plaintiff has also filed a Motion for a Default Judgment. Doc. 11. He contends that he is entitled to a default judgment because more than twenty-one days have elapsed since he filed his Complaint. *See id.* at 1. Federal Rule 55 governs default judgments. *See* Fed R. Civ. P. 55. An

---

[1] To the extent Plaintiff wishes to comply with the prior Orders, the fourteen-day objections period, discussed below, affords him one final opportunity to submit the required forms. If he submits the forms out-of-time, he should include an explanation for his failure to timely comply with the Court's Order.

2

"entry of default," is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a).  Before default may be entered, among other requirements, the court must have personal jurisdiction over the defendants.  *See CNH Capital Am., LLC v. Southeastern Aggregate, Inc.*, 2009 WL 3172353, at *3 (S.D. Ga. Oct. 1, 2009) (citing *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996)).  "Serving a summons or filing a waiver of service establishes personal jurisdiction over a[n otherwise proper] defendant . . . ." Fed. R. Civ. P. 4(k).  Since no defendant has been served—since, among other reasons, Martinson has not complied with the Court's directions concerning his request to proceed *in forma pauperis*[2]—personal jurisdiction has not been even arguably established over any defendant.  Martinson's Motion for Default Judgment should, therefore, be **DENIED**.  Doc. 11.  *See, e.g., Barr v. Giveffect, Inc.*, 2021 WL 2451509, at *3 (N.D. Ga. Apr. 15, 2021) (denying

---

[2] Given the Court's obligation to screen prisoner complaints, 28 U.S.C. § 1915A, and its obligation to direct service by the United States Marshal or a deputy marshal for plaintiffs proceeding *in forma pauperis*, Fed. R. Civ. P. 4(c)(3), summonses are not proactively issued by the Clerk.  *Cf.* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal[,]" and, "[i]f the summons is properly completed, the clerk must sign, seal, and issue is to the plaintiff for service on the defendant.").

a motion for default judgment because, among other defects, "Plaintiff has not provided an adequate basis for the Court's personal jurisdiction . . . .").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA